## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

In re: Ezekielus Starr, Sr and Shiwanda L. Starr ) Judge Jack B. Schmetterer
        Debtor(s) )
) Chapter 13 Case No. 12-04588
Ezekielus Starr, Sr. and Shiwanda L. Starr )
        Plaintiffs )
    v )
Citimortgage, Inc. )
        Defendant ) Adversary Case No. 12-00823
)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to an Order of Default and because the allegations in the Complaint have been taken as confessed against Defendant Citimortgage, Inc., the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs Ezekielus Starr, Sr. and Shiwanda L. Starr are individuals residing at 4731 W. Congress Parkway, Chicago, IL 60644.

2. Citimortgage, Inc. is a lender and servicer of mortgages.

3. Plaintiffs filed for relief under Chapter 13 of the United States Bankruptcy Code on February 9, 2012 in the Northern District of Illinois, case number 12-04588.

4. This adversary proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§151, 157 and 1334 and this is a core proceeding under 28 U.S.C. §157.

6. Plaintiffs are the owners of real estate located at 4731 W. Congress Parkway, Chicago, IL 60644 with a property index number of 16-15-125-013-0000.

7. The fair market value of the real estate is $90,000.00 pursuant to an appraisal marked Exhibit A to the original adversary complaint.

8. A first mortgage lien is currently held by Ocwen Loan Servicing with the principal balance as of the date of the filing of the adversary complaint of $251,450.00.

9. Defendant Citimortgage, Inc. holds a junior mortgage originally granted in the amount of $61,000.00 dated December 22, 2006, recorded January 10, 2007 and recorded as document number 0701054087.

10. Under 11 U.S.C. §§506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

11. The amount owed on the first mortgage exceeds the value of the real estate.

12. Due to the junior mortgage lien held by Defendant being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. In Re Waters, 276 B.R. 879 (N.D.Ill 2002).

13. Pursuant to 11 U.S.C. §1325(a)(5) the second mortgage lien of Citimortgage, Inc. shall be stripped off and shall be null and void upon Plaintiffs obtaining a discharge under 11 U.S.C. §1328.

By the Court

Judge Jack B. Schmetterer

JUL 19 2012

Robert J. Adams & Associates - 125 S. Clark, Ste. 1810, Chicago, IL 60603   Phone: 312.346.0100